UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAZARO JESUS IZQUIERDO,

v.                                    Case No. 8:20-cr-00068-VMC-CPT
                                              8:23-cv-02705-VMC-CPT

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Lazaro Jesus Izquierdo's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 126). For the reasons that follow, the Motion is dismissed as procedurally defaulted.

**I.   Background**

On February 12, 2020, Mr. Izquierdo was indicted on one count of conspiracy to commit access device fraud and aggravated identity theft, ten counts of access device fraud, and four counts of aggravated identify theft. (Crim. Doc. # 1). In October 2020, pursuant to a plea agreement, he pled guilty to one count of conspiracy, one count of access device fraud, and one count of aggravated identify theft. (Crim. Doc. ## 42, 44, 48, 50). On February 18, 2021, the Court sentenced Mr. Izquierdo to 81 months' imprisonment followed

1

by three years' supervised release. (Crim. Doc. # 65). He did not appeal.

On November 17, 2023, Mr. Izquierdo filed the instant Section 2255 Motion. (Civ. Doc. # 1). In the Motion, he claims that the Supreme Court's decision in Dubin v. United States, 599 U.S. 110 (2023), "limit[ed] the reach of aggravated identity theft" and that "his alleged conduct falls outside of the scope of the aggravated identity theft statute, which has been narrowed by the holding in Dubin." (Id. at 6). According to Mr. Izquierdo:

> Petitioner asserts that the Government misuses the statute by using it in an effort to subject Petitioner to a two-year mandatory sentence of imprisonment when "the crux of the offense alleged is not a theft of anyone's identity . . . and the named victim (D.S.) of the case remained in possession of the debit/credit cards used in the transactions at the time of purchase. . . .
>
> In this case, the underlying offense is described in Count Twelve of the Indictment is "counterfeit access device," in violation of 18 U.S.C. § 1029. . . . The primary argument that Petitioner is making is that none of the felony convictions enumerated in subsection (c) of 1028A, mainly subsection (c)(4). Subsection (c)(4) states in part, any provision contained in this chapter (18 U.S.C. § 1029) (relating to fraud AND false statements. . . .) (emphasis added). A counterfeit access device may be related to fraud but it not related conjunctively to false statements. . . .

2

> The Petitioner is not arguing that he did not commit a federal violation under § 1029. He is arguing that he should not be subjected to the punishment provision under § 1028A simply because even though a counterfeit access device could be used to commit fraud, no definition in § 1029(e) entails conjunctively that fraud AND false statements be involved. In other words, the Petitioner contends that pursuant to Dubin, with the crux of the criminal conduct in this case being "using a counterfeit access device," and even though a counterfeit access device can be used to commit fraud, nothing in § 1029 requires a false statement.
>
> Conclusively . . . in light of Dubin, this Petitioner contends that his criminal conduct is not within the scope of § 1028A simply because the statutory language proscribes conjunctively that § 1028A(c)(4) requires both "fraud" and "false statements" as opposed to "fraud" or "false statements." . . . As such, Petitioner is actually innocent . . .

(Civ. Doc. # 1 at 6-9) (typographical errors in original).

In essence, Mr. Izquierdo appears to argue (1) that aggravated identity theft may only be predicated on offenses that involve both "fraud and false statements," (2) that his predicate offense of access device fraud does not involve false statements, and thus (3) his conviction for aggravated identity theft is invalid because it is predicated on the access device fraud conviction. He further appears to argue

3

that the Supreme Court's <u>Dubin</u> decision somehow invalidates his conviction for aggravated identity theft.

The Government responded to the Motion on March 7, 2024. (Civ. Doc. # 5). The Government concedes that the Motion is cognizable and timely, but argues the claim is nonetheless procedurally defaulted. (<u>Id.</u> at 5-10). Mr. Izquierdo failed to file a reply. The Motion is ripe for review.

## II.  **Discussion**

### A. **Failure to Comply with Local Rules**

The Rules of this Court provide as follows:

(a) REQUIRED FORM. A pro se person in custody must use the standard form — available without charge from the clerk and on the court's website — to file:

(1) an application under 28 U.S.C. § 2241,

(2) an application under 28 U.S.C. § 2254 or a motion under 28 U.S.C. § 2255, or

(3) a complaint, such as a 42 U.S.C. § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a governmental official.

M.D. Fla. Local Rule 6.04.

Mr. Izquierdo's pro se Section 2255 Motion violates this Rule because it does not use the standard form mandated by this Court. <u>See</u> (Civ. Doc. # 1). Because it fails to comply with this Court's Rules, the Motion is due to be dismissed.

4

See, e.g., Garcia v. Ptak, No. 8:23-cv-406-CEH-SPF, 2024 WL 4881365, at *1 (M.D. Fla. Nov. 25, 2024) (dismissing prisoner's pro se complaint for failure to comply with Local Rule 6.04).

## B. **Procedural Default**

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a [Section] 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted). "This rule generally applies to all claims, including constitutional claims." Id. (citations omitted).

"A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. Under the second exception, [a defendant may proceed] if a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 1234-35 (citations omitted).

Here, Mr. Izquierdo did not appeal his conviction for aggravated identity theft. Accordingly, Mr. Izquierdo's

5

failure to challenge his conviction for aggravated identity theft on direct appeal procedurally defaulted the claim that "his alleged conduct falls outside of the scope of the aggravated identity theft statute." Moreover, the two exceptions to the procedural default rule do not apply.

### i. **The First Exception**

As an initial matter, Mr. Izquierdo did not argue that the first exception applies. Thus, he cannot establish cause for failing to raise his claim on appeal. Even if he had raised such argument, the first exception still would not apply.

"In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." Id. at 1235. "Perceived futility of a claim does not constitute cause for procedural default." Id. at 1235, n.19. "The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that 'its legal basis [was] not reasonably available to counsel.'" United States v. Bane, 948 F.3d 1290, 1296-97 (11th Cir. 2020) (citations omitted); Id. (noting that "a claim is not novel

. . . when the building blocks of the claim were available to counsel.").

Here, Mr. Izquierdo's claim is not novel and was available on direct appeal, regardless of the timing of the Supreme Court's Dubin decision. See Dubin, 599 U.S. at 131-32 (providing the Supreme Court's holding as to the statutory interpretation of Section 1028A(a)(1)). "As long as [he] had access to the United States Code and dictionaries — the tools the Supreme Court used in [Dubin] — [Mr. Izquierdo] could have raised [his] claims on direct appeal. [Dubin] was simply a matter of statutory interpretation; the Supreme Court did not announce a new constitutional right or overturn any Supreme Court precedent. An argument for an interpretation of a statute that is consistent with its ordinary meaning and structure is not something that counsel would not be aware of or that courts would 'reject . . . out of hand.'" Bane, 948 F.3d at 1297 (alterations added) (citations omitted); see also Anderson v. United States, No. 3:17-cr-00222, 2024 WL 1776378, at *9 (N.D. Tex. Apr. 23, 2024) (finding no cause to excuse movant's procedural default because his Dubin claim was not "so novel" that it could not have been raised on direct appeal); Paige v. United States, No. 2:22-cr-00091-NT, 2024 WL 2245763, at *4 (D. Me. May 17, 2024) (finding

7

that movant "procedurally defaulted the [Dubin] argument by failing to raise the issue before sentencing or on direct appeal"), report and recommendation adopted, No. 2:22-cr-00091, 2024 WL 3014669 (D. Me. June 14, 2024).

Accordingly, because Mr. Izquierdo does not and cannot establish cause, the first exception to procedural default does not apply. See Bane, 948 F.3d at 1297 ("[O]vercoming the procedural-default bar requires both cause *and* prejudice . . . failure to establish cause is fatal." (citations omitted)).

### ii.  The Second Exception

As to the second exception, Mr. Izquierdo argues his claim is not procedurally defaulted because he is "actually innocent in light of Dubin." (Civ. Doc. # 1 at 4). "[A]s it has been repeatedly emphasized, the actual innocence exception is a *narrow* exception." McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011). And "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 624 (1998).

Mr. Izquierdo makes a purely legal argument that he is actually innocent of aggravated identity theft in light of Dubin. Indeed, Mr. Izquierdo makes no claim of factual innocence of his predicate offense of access device fraud. See (Civ. Doc. # 1 at 8) ("The Petitioner is not arguing that

8

he did not commit a federal violation under § 1029."). This alone supports a finding against actual innocence. See McKay, 657 F.3d at 1198 ("No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well.").

Moreover, the stipulated facts establish that Mr. Izquierdo is guilty of aggravated identity theft. (Crim. Doc. # 42 at 20-22; Crim. Doc. # 127 at 37-40). A person commits aggravated identity theft by knowingly using, without lawful authority, another person's means of identification during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c). 18 U.S.C. § 1028A(a)(1). Here, Mr. Izquierdo's plea agreement established that:

> From at least in or around May 2016, through in or around February 2020, [Mr. Izquierdo and his co-conspirators] conspired and agreed to commit access device fraud and identity theft. Specifically, they obtained breached and stolen credit card and debit card account information and then used the stolen account numbers and account information to manufacture counterfeit credit cards, which they used at retailers in the Middle District of Florida and throughout the United States.

(Crim. Doc. # 42 at 20-21). Mr. Izquierdo and two of his co-conspirators used counterfeit cards reencoded with the stolen account numbers of victims S.S. and D.S. (Id. at 21). He "knew that the counterfeit credit cards with S.S. and D.S.'s account

9

information were fraudulent," "that S.S. and D.S. were real people," and that he lacked "lawful authority to use their identities or account information." (Id. at 22). Mr. Izquierdo agreed to these facts under oath. (Crim. Doc. # 127 at 37-40). After questioning Mr. Izquierdo, the Magistrate Judge determined that Mr. Izquierdo's guilty plea was knowing and voluntary, and that an independent factual basis supported each of the essential elements. (Id. at 42). The Magistrate Judge recommended the guilty plea be accepted. (Crim. Doc. # 48). Neither party filed any objections, and this Court accepted the guilty plea. (Crim. Doc. # 50).

The record thus reflects that Mr. Izquierdo is not actually innocent, and the second exception does not apply. Accordingly, because it fails to establish any exception to procedural default, the Motion is dismissed as procedurally defaulted.

C. **Merits**

Even if it were not procedurally defaulted, the Motion would fail on the merits.

In Dubin, the Supreme Court held that "[a] defendant 'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of what makes the conduct criminal." 599 U.S. at 132. The Supreme

Court overturned Dubin's conviction, finding that the crux of his fraudulent healthcare billing scheme lay in misrepresentations about the qualifications of employees, not in the use of patients' names. Id. at 131-32. "The [Supreme] Court clarified, however, that the statute still proscribes 'use[s] [of a means of identification] involving fraud or deceit about identity[.]'" United States v. Gladden, 78 F.4th 1232, 1244 (11th Cir. 2023) (citing Dubin, 599 U.S. at 126). "Dubin thus redirects the statute's focus to 'offenses built around what the defendant does with the means of identification in particular.' 'In other words, the means of identification specifically [must be] a key mover in the criminality.'" Id. (citations omitted).

Relevant here, a "'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including" an access device as defined in 18 U.S.C. § 1029(e). 18 U.S.C. § 1028(d)(7)(D). A counterfeit credit card constitutes an access device. 18 U.S.C. § 1029(e)(1)-(2).

As detailed in the sections above, the stipulated facts reflect that Mr. Izquierdo's use of his victims' means of identification was "at the crux" of Mr. Izquierdo's fraudulent credit card scheme and "thus falls squarely within

the classic variety of identity theft left untouched by Dubin." Gladden, 78 F.4th at 1246. Accordingly, Mr. Izquierdo's conviction for aggravated identity theft is not invalidated by Dubin.

Likewise, Mr. Izquierdo is incorrect in arguing that his aggravated identity theft conviction is invalid because it is predicated on his access device fraud conviction. The aggravated identity theft statute states that "any provision contained in this chapter (relating to fraud and false statements)" is a predicate felony. See 18 U.S.C. § 1028A(c)(4). The reference to "this chapter" refers to Chapter 47 of Title 18, and the title of Chapter 47 is "Fraud and False Statements." Mr. Izquierdo's offense of access device fraud, 18 U.S.C. § 1029, falls under Chapter 47, and is accordingly an enumerated predicate under § 1028A(c)(4). That Mr. Izquierdo's conviction for access device fraud may not have involved "false statements" is immaterial; it is uncontroversial that a violation of § 1029 may serve as a predicate to a violation of § 1028A. See, e.g., United States v. Pierre, 825 F.3d 1183, 1194 (11th Cir. 2016) (predicate acts under Section 1028A include "access device fraud"); United States v. Lee, 743 Fed. App'x 296, 300 (11th Cir. 2018) (access device fraud convictions under Section 1029 may serve

12

as a predicate offense for aggravated identity theft). The Supreme Court's Dubin decision does not alter this analysis.

### III. **Evidentiary Hearing**

As the Court readily determined that Mr. Izquierdo is not entitled to relief, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

### IV. **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Mr. Izquierdo has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Izquierdo to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Izquierdo shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Lazaro Jesus Izquierdo's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 126) is **DISMISSED** as procedurally defaulted.

(2) The Clerk is directed to enter judgment accordingly and, thereafter, to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE